AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In re: Ex Parte Application of Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte and Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte for Order Pursuant to 28 USC § 1782 to Obtain Discovery for Use in Foreign Proceedings

)
*Plaintiff* )
)
v. ) Civil Action No.
)
)
*Defendant* )

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Cartograf USA, Inc.,
c/o Corporation Service Company,
100 Shockoe Slip, 2nd Floor, Richmond, VA 23219

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

Please see attached Exhibit A.

| Place: Hogan Lovells US LLP<br>8350 Broad Street, 17th Floor<br>Tysons, VA 22102 | Date and Time:<br>To be specified upon court granting leave to issue subpoena. |
|---|---|

The deposition will be recorded by this method: Stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/17/2023

*CLERK OF COURT*

OR

_____   *Kellie Majcher*
Signature of Clerk or Deputy Clerk      Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the Banorte Parties , who issues or requests this subpoena, are:
Kellie Majcher (VSB# 96162), 8350 Broad St., 17th Floor, Tysons, VA 22102, kellie.majcher@hoganlovells.com, 703-610-6100; Richard C. Lorenzo, 600 Brickell Ave., 27th Floor, Miami, FL 33131, richard.lorenzo@hoganlovells.com, 305-459-6500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**INSTRUCTIONS**

1. Whenever appropriate, the singular form of a word shall also be interpreted as plural, and the plural form of a word shall also be interpreted as singular.

2. In producing documents and other materials, you are requested to furnish all responsive documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

3. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If any of the requested documents cannot be produced in full, produce them to the extent possible, and specify the reason for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

4. If any part of a document is responsive to any request, the whole document is to be produced. Each document shall be produced in its entirety, including any attachments. No non-privileged material shall be redacted.

5. If any document is withheld on the basis of any claim of privilege or work product, set forth the following information: (1) authors, (2) recipients, (3) date of the document or the date upon which the document was produced, (4) description of the subject matter of the document, and (5) the grounds for asserting the claim of privilege or work product.

6. In responding to these requests, please produce the documents as they are kept in the usual course of business or organize and label them to correspond with the categories of these requests.

7. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final document is a separate and distinct document, and it must be produced.

8. When information with respect to a corporation, partnership, limited liability company, or unincorporated association or entity is called for in the requests, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants, and all other persons or entities acting on its behalf or under its control.

9. These requests are continuing in nature. If you, subsequent to your initial response to this set of requests, discover or locate any additional documents not previously produced but which properly would have been produced if the documents had been known or available to you at the time of your initial response, such additional information shall be supplied by supplemental response.

10. Unless otherwise indicated in a particular request, the time period covered by these requests is September 1, 2018 through the present.

## **DEFINITIONS**

1. "And" and "or" are to be construed both conjunctively and disjunctively as necessary to make these requests inclusive rather than exclusive.

2. "Any" and "all" shall each mean "any and all."

3. "Including" and "include" shall mean "including but not limited to."

4. "Document" is used in its broadest sense and shall mean, without limitation, any written, typed, graphic, or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits, and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence, memoranda, notes, drafts, records, letters, WhatsApp messages, i-messages, texts, text messages, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, contracts, agreements, statistical statements and records, financial statements, trade letters, press releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recording, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf.

5. "Banorte Parties" refers to (i) Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte and/or (ii) Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte.

6. "Application" refers to the Banorte Parties' *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery in aid of foreign proceedings.

7. "Mr. Páramo" refers to Juan José Páramo Riestra, or any employee, representative, or agent thereof.

8. "Cartograf USA" refers to Cartograf USA, Inc., and also includes its predecessors, subsidiaries, parents, and affiliates, and its past and present officers, directors, partners, employees, agents, attorneys, and representatives, as well as all other persons acting or purporting to act on its behalf for any purpose whatsoever.

9. "Cartograf" refers to Cartograf, S.A. de C.V., and also includes its predecessors, subsidiaries, parents, and affiliates, and its past and present officers, directors, partners, employees, agents, attorneys, and representatives, as well as all other persons acting or purporting to act on its behalf for any purpose whatsoever.

10. "Cartwood" refers to Cartwood, S.A. de C.V., and also includes its predecessors, subsidiaries, parents, and affiliates, and its past and present officers, directors, partners, employees, agents, attorneys, and representatives, as well as all other persons acting or purporting to act on its behalf for any purpose whatsoever.

11. "Related Entities" refers to any of the following: Cartwood; Verónica Oñate Vieyra (the ex-wife of Mr. Páramo); Corpar, S.A. de C.V.; Corporativo Cartograf, S.A. de C.V.; Transportes Cartograf, S.A. de C.V.; Inmobiliaria Jopar, S.A. de C.V.; Inmuebles Cartograf, S.A. de C.V.; and Paragon Desarrollos, S.A.P.I. de C.V.

12. "Agreements" refers to: (i) financing agreement dated September 27, 2018, between Banorte A&F and Cartograf and Mr. Páramo related to three pieces of machinery used in Cartograf's business: (ii) a current account credit facility agreement dated December 18, 2018 between Banorte and Cartograf, with Mr. Páramo serving as joint and several obligor; and (iii) financial factoring agreement dated March 11, 2019 between Banorte A&F and Mr. Paramo and Cartograf.

## TESTIMONY REQUESTED

Cartograf USA is required to produce at the time and place designated the corporate representative of Cartograf USA with knowledge concerning the documents requested below.

## DOCUMENTS REQUESTED

1. Any and all documents exchanged between Cartograf USA, on the one hand, and Mr. Páramo, Cartograf, Cartwood, the Related Entities, and/or their shareholders, representatives, or employees, on the other hand.

2. Any and all documents relating to:

    a. Cartograf USA's relationship with Mr. Páramo, Cartograf, Cartwood, and/or the Related Entities, including any agreements between the entities;

    b. Cartograf USA's bank accounts and assets;

    c. The incorporation of the company Cartograf USA; and

    d. Wire transfers, payments, checks, or related transfers of money between Cartograf USA, on the one hand, and Mr. Páramo, Cartograf, Cartwood, the Related Entities, and/or their shareholders, representatives, or employees, on the other hand.

5

3. Cartograf USA's tax returns.

4. Any and all documents exchanged between Cartograf USA, on the one hand, and the Related Entities, on the other hand.

5. Any and all Cartograf USA shareholder registries, meeting minutes, and resolutions.

6. Any and all documents exchanged with Cartograf USA's clients, or their representatives or employees, related to the Agreements, and/or related to the payment of any pending invoices, including but not limited to payment confirmations.

7. Documents exchanged between Cartograf USA, on the one hand, and Mr. Páramo, Cartograf or Cartwood, and/or their shareholders, representatives, or employees, on the other hand.

8. Cartograf USA's books and records, including the official and any unofficial books and records maintained, showing customer balances, payments, and invoices, as well as any other assets or sources of funds or liabilities of Cartograf USA and any and all accounting information for Cartograf USA.